Defendants moved to dismiss plaintiff's appeal, arguing that plaintiff failed to timely file his Form 44 and appeals brief. By order of December 14, 1995, in response to plaintiff's request for an extension of time, Commissioner Coy M. Vance granted plaintiff a continuance from the December 14, 1995, hearing calendar. While the order did not explicitly grant the extension of time, it certainly implicitly allowed the extension by granting a continuance in response to plaintiff's request. Accordingly, defendants' motion is HEREBY DENIED.
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the undersigned reach different facts and conclusions than those reached by the Deputy Commissioner. Accordingly, the August 17, 1995 Opinion and Award by Deputy Commissioner Berger is HEREBY REVERSED and VACATED. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact and conclusions of law.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. As aforementioned, the parties entered into a Pre-Trial Agreement and that Agreement is incorporated herein by reference.
2. A Form 22 and an attached list of a similar employee's gross earnings marked as Exhibit No. 2 stipulated were received into evidence (two pages).
3. A Form 19 dated August 27, 1993 marked as Exhibit No. 2, stipulated was received into evidence (one page).
* * * * * * * * * *
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff was employed by the defendant-employer as an over-the-road driver. An over-the-road driver transports goods to all forty-eight states.
2. On August 26, 1993, plaintiff was operating a tractor-trailer vehicle when the vehicle ran off the right-hand side of the road and jackknifed. The plaintiff was pinned inside the cab causing the plaintiff to sustain a dislocated right shoulder and a fracture to the right foot.
3. Plaintiff had worked only four days for the defendant-employer prior to the injury. Due to the fact that plaintiff was employed by the defendant-employer for a relatively short period of time, the use of plaintiff's actual earnings for computation of an average weekly wage would not yield a fair result. No evidence was presented as to how much plaintiff actually earned during the four days of employment with the defendant-employer.
4. There was the realistic expectation by plaintiff that he would drive at least 3000 miles a week on his new job, with his earning an average of 26 cents per mile. This would yield an average weekly wage of $780.00 per week, an amount which is fair and just in light of all of the circumstances and which most nearly approximates the amount which the plaintiff would be earning were it not for the injury.
5. Jeffrey Noon was an over-the-road driver who averaged 2500 miles per week. While he was a person of the same grade and character employed in the same class of employment in the same locality or community as the plaintiff, the Form 22 submitted showed that he only worked 44 weeks in the year represented, and the convincing evidence was that he only averaged 2500 miles. Jeffrey Noon's average weekly wage during the ten months prior to August 26, 1993 was $413.84.
* * * * * * * * * *
The foregoing stipulations and findings of fact engender the following:
CONCLUSIONS OF LAW
1. G.S. 97-2(5) provides several methods for calculating average weekly wages. As plaintiff only worked four days prior to his compensable injury, the undersigned are somewhat limited to only two possible methods.
The statute guides as follows:
 "Where, by reason of a shortness of time during which the employee has been in the employment of his employer . . ., it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the 52 weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community." G.S. 97-2(5).
Although a Form 22 for a similar employee was stipulated into evidence, the employee only worked 44 of the required 52 weeks needed in order to use this method, and therefore use of this method would produce unfair and invalid results.
Thus the undersigned are left with the following method:
 "But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury."
Due to the shortness of time worked by plaintiff and due to the lack of average weekly wage reports for a similar employee for the full 52 weeks in question, the undersigned conclude that this method is the only suitable and just one available under these exceptional circumstances.
There is competent and convincing evidence of record that, but for the injury, plaintiff would have been earning wages for driving approximately 3000 miles per week at approximately 26 cents a mile. This calculation yields an average weekly wage of $780.00 per week, yielding a compensation rate of the maximum for 1993 of $442.00.
2. The undersigned therefore find and conclude that plaintiff's average weekly wage is determined to be $780.00 per week, yielding a compensation rate of $442.00. G.S. 97-2(5).
* * * * * * * * * *
IT IS THEREFORE ORDERED that the defendants shall pay the costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the _____ day of ___________________________, 1996.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
JHB/nwm 10/10/96